## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| HERBERT DARRELL HAY, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION H-20-0651 |
| § | |
| LORIE DAVIS, ET AL., § | |
| § | |
| Defendants. § | |

### ORDER

Plaintiff's applications to proceed *in forma pauperis* on interlocutory appeal (Docket Entries No. 36, 39) are DENIED for his failure to attach certified copies of his current inmate trust account statement.

Plaintiff's *pro se* motion for a temporary restraining order (Docket Entry No. 34) is DENIED. According to his proposed order, plaintiff seeks injunctive relief prohibiting certain prison employees from "denying him assistance in preparing, filing," and for prison employees to "provide a person trained in the law, or attorney, to assist in writing his amended complaint, motions, and other matters, and to immediately place him in "safekeeping" status, or provide a laptop with voice recognition software (Word Perfect – Dragon Voice) and a printer with paper" to prepare his legal matters. *Id.*, p. 23. He further asks that prison officials be prohibited from denying him access to courts during the ongoing prison lock down.

A temporary restraining order may be granted only if a plaintiff shows (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is denied, (3) that the threatened injury outweighs any damage that the injunction might cause a defendant, and (4) that the injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003). The granting or denying of temporary injunctive relief is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984). Because a preliminary injunction is such an extraordinary, and perhaps drastic, remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff does not meet his burden of proof for meriting the requested temporary injunctive relief. The Court has denied plaintiff's motions for appointment of counsel, and plaintiff enjoys no constitutional right to have counsel, inmate counsel substitute, or a typist provided to him by the prison system. Nor does he have a constitutional right to be provided a personal laptop with voice recognition software and a printer with paper.

Nor does plaintiff establish, as to any of his requested temporary relief, a substantial threat of irreparable injury if the temporary injunctive relief is not granted. Should a court or jury determine at a later time that plaintiff's constitutional rights have been violated, he can be awarded monetary damages as may be deemed appropriate.

The Court is aware that plaintiff has osteoarthritis and swelling in his hand that makes writing at length difficult and uncomfortable. Plaintiff is advised to draft and write his pleadings as concisely and efficiently as possible.

Plaintiff's motions (Docket Entries No. 34, 36, 39) are DENIED.

Signed at Houston, Texas, on July 31, 2020.

_____
Gray H. Miller
Senior United States District Judge